**Earl Raymond VANTREASE, Jr., Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA; Larry Craven, Warden, Defendants–Appellees.**

**No. 00–6615.**

United States Court of Appeals, Sixth Circuit.

Oct. 25, 2001.

Before NELSON, CLAY, and GARWOOD,* Circuit Judges.

*ORDER*

Pro se Tennessee prisoner Earl Raymond Vantrease, Jr., appeals a district court judgment that dismissed his civil rights suit as frivolous. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Proceeding in forma pauperis, Vantrease filed suit against the Corrections Corporation of America, the prison health center, and Warden Larry Craven. Vantrease claimed, in a conclusional fashion, that the defendants violated his rights by not providing him with psychiatric care. He prayed for 4.5 million dollars and a trans-

---

* The Honorable Will L. Garwood, United States Circuit Judge for the Fifth Circuit, sitting by designation.

fer to a prison facility with better mental health care.

The district court granted Vantrease leave to proceed as a pauper, dismissed the suit as frivolous pursuant to 28 U.S.C. § 1915(e)(2), and certified that an appeal could not be taken in good faith.

On appeal, Vantrease argues that the district court erred by dismissing his suit as frivolous. Vantrease also moves this court for the appointment of counsel, for an investigation, and for a jury trial. The defendants have not been served and have not filed a brief.

We review de novo a judgment dismissing a suit as frivolous under 28 U.S.C. § 1915(e). See *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997). A complaint is frivolous where it lacks an arguable basis either in law or in fact. See *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A sua sponte dismissal of a complaint is appropriate where the complaint is frivolous on its face. See *McGore*, 114 F.3d at 609.

From a review of the pleadings, it is evident that the district court properly dismissed the suit, which is based merely on conclusional allegations and states no facts regarding personal involvement by any named defendant. See *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

For the first time in his brief on appeal, Vantrease alleges facts to support his district court claims; still, no personal involvement by any named defendant is alleged. Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 261 (6th Cir.1996). No exceptional circumstances exist in this case, particularly in the light of Vantrease's attempt to litigate questions of fact in this court. *Taft Broad. Co. v. United States,* 929 F.2d 240, 244 (6th Cir.1991).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.